STATE OF NORTH CAROLINA v. PAUL E. INMAN, JR.

No. 7818SC902

(Filed 2 January 1979)

1. **Criminal Law § 89.7; Witnesses § 1— physical and psychiatric examination of witness—refusal proper**

    Defendant was not entitled to have his codefendant, who was to testify for the State, examined by a physician and psychiatrist before he testified.

2. **Constitutional Law § 31— indigent defendant—appointment of investigator denied**

   A private investigator may be appointed by the superior court to aid an indigent defendant, but such appointment should be made with caution and only upon a clear showing that specific evidence is reasonably available and necessary for a proper defense; defendant failed to show the necessity for an investigator in this case where he alleged that two witnesses could offer evidence in his behalf if they could be located by the investigator, but one was being sought by police and the other was subject to subpoena, and there was no showing how the investigator could have been of any help.

3. **Judges § 5— recusal properly denied**

   The trial judge did not err in denying defendant's motion that he recuse himself on the ground that the judge had presided over a trial in 1973 at which defendant was convicted of breaking or entering, since the judge had no recollection of the previous trial.

4. **Criminal Law § 112.7— recapitulation of testimony—no evidence of alibi—no instruction required**

   Defendant's contention that the trial court erred in failing to recapitulate the testimony of his only witness as to defendant's alibi is without merit where there was no testimony from the witness that defendant was somewhere else at the time of the crime.

5. **Criminal Law § 118.1— instructions on contentions—failure to object at trial**

   Defendant's contention that the court erred by failing to put equal stress on the contentions of the State and those of defendant is without merit where defendant did not object at the trial to the court's statement of the contentions.

APPEAL by defendant from *Long, Judge.* Judgment entered 6 April 1978 in Superior Court, GUILFORD County. Heard in the Court of Appeals at Winston-Salem on 6 December 1978.

The defendant appeals from a sentence imposed after he was convicted of armed robbery. Prior to the trial, the defendant made the following motions: (1) that the State provide an independent investigator for the defendant, (2) that Robert Preston Parrish, a co-defendant who was to testify for the State, be examined by a physician and a psychiatrist not under the direct control of the State of North Carolina, and (3) that Judge Long recuse himself. All three motions were denied.

The State offered evidence, including the testimony of Robert Parrish, that the defendant and Robert Parrish robbed William L. Johnson, a ninety-year-old man of approximately $4,000.00 by holding a knife at his throat and taking the money

from his pocket. William L. Johnson was not able to identify either of the two people who he testified robbed him. The defendant was sentenced to 28 to 30 years in prison.

*Attorney General Edmisten, by Assistant Attorney General Sandra M. King, for the State.*

*Lee and Johnson, by Michael M. Lee and Charles R. Coleman, for defendant appellant.*


WEBB, Judge.

The defendant's assignments of error pertain to the denial of his motions, the jury charge, and the admission of certain evidence.

[1, 2]  As to the defendant's motion that Robert Preston Parrish be examined by a physician and psychiatrist before he testified, we believe we are bound by *State v. Looney,* 294 N.C. 1, 240 S.E. 2d 612 (1978). A similar motion was denied by the superior court in that case and the Supreme Court affirmed, saying that such a change in criminal procedure should be brought about by the Legislature and not the courts. As to the motion that the defendant be provided with a private investigator, this question has been before the Supreme Court of North Carolina in several cases. *State v. Gray,* 292 N.C. 270, 233 S.E. 2d 905 (1977); *State v. Tatum,* 291 N.C. 73, 229 S.E. 2d 562 (1976) and *State v. Montgomery,* 291 N.C. 91, 229 S.E. 2d 572 (1976). The rule in this state is that an investigator may be appointed by the superior court to aid an indigent defendant, but such appointment should be made with caution and only upon a clear showing that specific evidence is reasonably available and necessary for a proper defense. Mere hope or suspicision that such evidence is available will not suffice. In this case the defendant in his motion for an independent investigator alleged as follows:

"That certain aspects of this case, upon investigation may prove invaluable to this defendant in his defense and the location of certain witnesses may also be necessary for the proper defense of this case; . . . ."

At the hearing on this motion, it was revealed in the statements of counsel that there were two witnesses in particular that the

defendant wanted. One was a third suspect in the robbery whom the police had interrogated. This man had absconded before the trial and the police were searching for him. The defendant's attorney also stated that a person had approached the defendant Inman and told him that he knew of the plan for the robbery before the robbery occurred and he knew an effort would be made to implicate the defendant in the robbery. The person who told Mr. Inman this had refused to come to court and "indicated to him, if subpoenaed, he would deny or disclaim any knowledge of these facts."

We hold that the defendant did not make a clear showing that specific evidence was reasonably available for a proper defense so that an independent investigator could be appointed. As to the witness for whom the police were searching, we cannot see how he would be reasonably available to a private investigator if the police could not find him. As to the witness who had talked to defendant, he was subject to subpoena. We cannot see how a private investigator could have helped to get him to court or to testify.

[3]   The defendant's motion that Judge Long recuse himself was made on the ground that he had presided over a trial in 1973 at which the defendant was convicted of breaking or entering and a sentence of from four to eight years was imposed. Judge Long had no recollection of the previous trial. We hold he did not abuse his discretion by refusing to recuse himself.

[4, 5]   The defendant has also assigned error in regard to the charge. He contends first that the court did not recapitulate the testimony of his only witness as to the defendant's alibi. The defendant offered one witness, Larry Pruitt, who testified he knew defendant and Robert Parrish as well as some others. The main thrust of Mr. Pruitt's testimony was that someone was trying to falsely inculpate defendant in the robbery. We can find no testimony from Mr. Pruitt that defendant was somewhere else at the time of the crime. There was no testimony of Mr. Pruitt as to alibi which the court could recapitulate. The defendant also contends the court did not put equal stress on the contentions of the State and defendant. The defendant did not object at the trial to the court's statement of the contentions. Any objection to the court's statement of defendant's contentions is deemed waived by

his failure to object. *State v. Gaines,* 283 N.C. 33, 194 S.E. 2d 839 (1973). We have read the court's charge nevertheless and it appears to us the court fairly stated the defendant's contentions and properly applied the law as to alibi.

The defendant's last assignment of error deals with the testimony of Allen G. Travis, a detective in the City of Greensboro Police Department. It is difficult to deal with this assignment of error. There is no objection to it in the narrative of Mr. Parrish's testimony as it appears in the record. The record contains a statement from the judge that during the testimony of Robert Parrish, the defendant's counsel approached the bench and objected to the testimony of Travis "that Robert Parrish had corrected his statement after it had been written as it may have related to who told him the money was at the Johnson residence." This objection was overruled. We hold the testimony of Mr. Travis as to what Robert Parrish told him was properly admitted as evidence in corroboration of the testimony of Robert Parrish. 1 Stansbury, N.C. Evidence (Brandis Rev. 1973), § 51, p. 146.

No error.

Judges CLARK and MITCHELL concur.